◼ CITY SCHOOL DISTRICT OF CITY OF NEWBURGH, Appellant, v HUGH STUBBINS & ASSOCIATES, INC., et al., Respondents. [614 NYS2d 204] —In an action to recover damages for malpractice and negligence, the plaintiff appeals (1) from an order of the Supreme Court, Orange County (Owen, J.), dated August 27, 1992, which granted the motions of the defendants Hugh Stubbins & Associates, Inc.; George Silverman, individually, and doing business as Flemming & Silverman; Solart Builders, Inc.; and Van Zelm, Heywood & Shadford to dismiss the complaint insofar as it is asserted against them, (2) from a judgment of the same court, dated November 4, 1992, which

dismissed the complaint insofar as it is asserted against Hugh Stubbins & Associates, Inc., (3) from a judgment of the same court, also dated November 4, 1992, which dismissed the complaint insofar as it is asserted against George Silverman and Flemming & Silverman, (4) from a judgment of the same court, also dated November 4, 1992, which dismissed the complaint insofar as it is asserted against Solart Builders, Inc., and (5) from a judgment of the same court, also dated November 4, 1992, which dismissed the complaint insofar as it is asserted against Van Zelm, Heywood & Shadford.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgments are affirmed; and it is further,

Ordered that the respondents are awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with entry of the judgments in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeals from the judgments *(see,* CPLR 5501 [a] [1]).

We agree with the Supreme Court's determination that the plaintiff's claims sounding in malpractice and negligence are time barred. The plaintiff's claims accrued in 1975 or 1976, upon completion of the building in question, and the plaintiff did not commence this action until 1991, approximately 15 years after the cause of action had accrued *(see, Sears, Roebuck & Co. v Enco Assocs.,* 43 NY2d 389). Balletta, J. P., Miller, Lawrence and Goldstein, JJ., concur.